UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gustave Adolph Hartner, # 334300, | ) | C/A No. 9:11-157-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) **REPORT AND RECOMMENDATION** | |
| vs. | ) | |
| | ) | |
| State of South Carolina; County of York, South Carolina. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Gustave Adolph Hartner, proceeding *pro se*, brings this action pursuant to

42 U.S.C. § 1983.  Plaintiff is an inmate at the Manning Correctional Institution, a facility of the

South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under

28 U.S.C. § 1915.  Plaintiff seeks money damages and certain injunctive relief for violations of his

constitutional rights.

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

§ 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996);

and in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden,*

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.

1983).  The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of



proceeding with the lawsuit.  However, to protect against possible abuses of this privilege, the statute

allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which

relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who

is immune from such relief."   Title 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A

[addressing prisoner suits against governmental entities or employees].

Further, while this Court is required to liberally construe *pro se* documents, *Erickson*

*v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by

attorneys; *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*;

the requirement of liberal construction does not mean that the Court can ignore a clear failure in the

pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller*

*v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that he is seventy-five (75) years old, and is incarcerated in the

Manning Correctional Institution after being convicted of a crime which he alleges was an

"accident."  Compl. 6.  Plaintiff alleges, and his exhibits show, that he was arrested on November

19, 2008, and that he pled guilty to voluntary manslaughter on April 16, 2009.  Compl. 5, 11.

Plaintiff's exhibits reveal that he was indicted  in the York County Court of General Sessions for the

crime of murder for killing his wife.  Compl. 12.

Plaintiff alleges a variety of issues related to demonstrating that his conviction is

unconstitutional: his trial counsel improperly convinced him to plead guilty; his trial counsel and

PCR counsel were ineffective; the judge wrongfully accepted certain statements and testimony; there

was a conspiracy to maliciously prosecute him; he signed a "Miranda waiver" and made a statement



to police while he was under the influence of drugs (incoherent and unresponsive); and his trial counsel gave false testimony in the PCR hearing. Plaintiff further alleges that "the State, County of York, and all involved persons, are guilty of or party to: malicious conspiracy, malicious or fraudulent prosecution, misrepresentation, malfeasence [sic], prejudice, improper incarceration, and discrimination, and perjury." Compl. 3.

Further addressing matters unrelated to his conviction, Plaintiff also alleges that he received "improper medical care or lack of medical care" related to several medical conditions. Compl. 5. Specifically, he alleges "shortness of breath, poor circulation (causing edema)," "reduced pulse," and "chronic vision problems, treated improperly and incompletely: 1. A contact lens was in my right eye and was overlooked in three visits to an optometrist and five (5) examinations by Manning doctor over a two year period. 2. A piece of metal imbedded in my left eye (from a spring in upper bunk). 3. A piece of glass imbedded in right eye from job. 4. Prescription (incorrect) glasses, issued 1/16/10, not yet replaced." *Id.* Plaintiff further alleges a "hearing condition causes anxiety, missed meals, and discomfort when participating in school, conversations with others, and church services. Officers get upset when I don't hear their order, as do other inmates." *Id.*

Plaintiff requests that this Court declare that the incident was an accident, and that all charges against him in all government files be expunged. Compl. 6. Plaintiff also seeks one million dollars ($1,000,000.00) in damages due to his pain and suffering and loss of personal belongings and property.

## Discussion

This Complaint has been filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere



3

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## I.

First, Plaintiff cannot bring this lawsuit against the Defendant State of South Carolina in this Court because the State has Eleventh Amendment immunity.  *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) ("State sovereign immunity is a bedrock principle of 'Our Federalism.'") (citation omitted).  *See Fed. Maritime Comm. v. South Carolina State Ports Auth.*,  535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001).  *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).  Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court.  *Id.*  The State of South Carolina has not consented to suit in a federal court.  *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit

4



in a federal court or in a court of another State).  Thus, Plaintiff's claim for money damages from

South Carolina is barred in this Court.[1]

Further, to the extent Plaintiff seeks his release by the State of South Carolina from

prison and expungement of his criminal conviction, release from prison is not a relief available in

this civil rights action.  *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the

exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and

seeks immediate or speedier release, even though such a claim may come within the literal terms of

§ 1983").  *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration

---

[1]    Even if Plaintiff had named a proper party Defendant, his claims for damages for his
wrongful imprisonment and wrongful conviction would still be subject to dismissal.  The Supreme
Court has held that in order to recover damages for imprisonment in violation of the Constitution,
the imprisonment must first be successfully challenged.  *See Heck v. Humphrey*, 512 U.S. 477
(1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction
> or imprisonment, or for other harm whose unlawfulness would render a conviction
> or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by executive order, declared invalid by
> a state tribunal authorized to make such a determination, or called into question by
> a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for
> damages bearing that relationship to a conviction or sentence that has not been so
> invalidated is not cognizable under § 1983.

*Id.* at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck*
extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity
of the judgement).

A favorable determination on the merits of Plaintiff's claims in this § 1983 action would
imply that Plaintiff's criminal guilty plea was invalid, wrongful, or unconstitutional.  The United
States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district
court must consider whether a judgment in favor of the plaintiff would necessarily imply the
invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the
plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512
U.S. at 487.  This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535
F.3d 262 (4th Cir. 2008).  Plaintiff has not demonstrated or alleged that he has successfully
challenged the lawfulness of his state court conviction.



of confinement is within the core of habeas corpus).   Plaintiff may seek such relief in  a 28 U.S.C.

§ 2254 habeas action, after he has exhausted his state remedies, but he may not do so in this § 1983

lawsuit.  Plaintiff can obtain a blank federal § 2254 habeas form from the Clerk of Court if he desires

to file a habeas action.

## II.

With respect to the Defendant York County, although a county may be considered

a "person" subject to suit under § 1983, a plaintiff must identify a municipal "policy" or "custom"

that caused the plaintiff's injury in order to proceed with such a claim.  *Bd. of Cnty. Comm'rs v.*

*Brown*, 520 U.S. 397, 403-04 (1997); *Knight v. Vernon*, 214 F.3d 544, 552-53 (4th Cir. 2000).

Plaintiff in this case has not alleged any facts that would tend to show that a county policy or custom

caused Plaintiff's injuries.  York County is not who prosecuted him, the County does not control the

Sheriff's Department (which is considered a state agency), and there is no indication in the

Complaint that a policy or custom of York County had anything to do with Plaintiff allegedly

receiving improper medical care.[2]  Therefore, York County is entitled to dismissal as a party

Defendant for failure of the Plaintiff to state a claim on which relief may be granted.

---

[2]Plaintiff may pursue a claim relating to his medical care under § 1983 by suing the government
actors who allegedly provided him with improper care.  However, Plaintiff would need to allege
more than that things were overlooked during examinations or otherwise not treated correctly.  A
prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate
indifference to serious medical needs to proceed with a claim under this statute." *Estelle v. Gamble*,
429 U.S. 97, 106 (1976).  Plaintiff seems to believe that his medical care has not been good enough,
but an error in judgment or a mistake does not create deliberate indifference. Deliberate indifference
to a prisoner's serious medical needs is actionable under § 1983 only if the plaintiff can prove that
his inadequate medical care was more than merely negligent.  A medical malpractice claim "does
not become a constitutional violation merely because the victim is a prisoner." *Estelle*, at 106;
*Grayson v. Peed*, 195 F.3d 692, 695-96 (4th Cir. 1999).   Hence, if Plaintiff wishes to pursue a
medical malpractice claim, he must do so in state court.



<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

March 14, 2011
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

