IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Gustave Adolph Hartner, | ) | Civil Action No.: 9:11-cv-00157-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina; County of York, South Carolina; | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is before the court with the [Docket Entry 16] Report and Recommendation of United States Magistrate Judge Bristow Marchant[1] filed on March 14, 2011.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C.

687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the R & R, the Magistrate Judge recommended dismissal, without prejudice, of Plaintiff's Complaint. Plaintiff has not filed objections to the R & R, but rather has consented to dismissal of this action.[2] In light of Plaintiff's consent, and after reviewing the record for clear error and finding none, the court hereby adopts and incorporates by reference herein the Magistrate Judge's R & R. Therefore, it is

**ORDERED** that the Complaint in the above-captioned case is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

                                                                   s/R. Bryan Harwell
                                                                   R. Bryan Harwell
                                                                   United States District Judge

Florence, South Carolina
March 28, 2011

---

[2] Specifically, Plaintiff stated the following in his [Docket Entry 18] Response to the R & R:

> After reading and reviewing the Report and Recommendation, I must reluctantly relinquish my prosecution of the pending 42 U.S.C. Sec. 1983 civil rights action case with respectful judicial economy and alternative South Carolina state judicial and administrative law remedies that are still available. My only request that the case be allowed to be dismissed "without prejudice" in order to return to this court once all available judicial and administrative law remedies have been completely exhausted. I await your final order of dismissal on the merits.